UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-01939-CJC (SK) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Hendrix Moreno Montecastro v. Cate et al. | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

In September 2020, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2013 state conviction stemming from a Ponzi scheme. (ECF 1). On its face, however, the petition appears untimely.[1]

After Petitioner's unsuccessful appeal to the California Court of Appeal, the California Supreme Court denied review in January 2016. (*See* Cal. S. Ct. S230460). If Petitioner filed no petition for writ of certiorari in the U.S. Supreme Court, his conviction became final in April 2016. *See* U.S. Sup. Ct. R. 13. From then, without statutory tolling, he had one year until April 2017 to file a timely federal petition. *See* 28 U.S.C. § 2244 (d)(1)(A). Statutory tolling applies, however, only while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" is pending. 28 U.S.C. § 2244(d)(2). Untimely state habeas petitions are not "properly filed" for this purpose. *See White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010). Before filing his federal petition here, Petitioner appears to have filed at least five state habeas petitions in the California state courts. (*See* Cal. Sup. Ct. Case Nos. S252509, S261468; Cal. Ct. App. Case Nos. E067087, E070901, E074485). But only his October 2016 state petition (Cal. Ct. App. Case No. E067087) appears to have been timely filed, thereby tolling the federal limitations period through May 2017. His four other petitions could have had no tolling effect since they were untimely. *See White*, 601 F.3d at 883-84. Nor could they have restarted a new federal limitations period after May 2017. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **November 12, 2020** why the Court should not dismiss the petition as untimely. Petitioner bears the burden to establish timeliness on any ground, including equitable tolling, that the Court may be unaware of. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). **If Petitioner files no timely response to this order, this action may be involuntarily dismissed for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Petitioner no

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeal and state habeas petitions. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-01939-CJC (SK) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Hendrix Moreno Montecastro v. Cate et al. | | |

longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a Voluntary Notice of Dismissal on the attached Form CV-09.